IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CORDARIUS MORRIS, | |
| Plaintiff, | Case No. 2:24-cv-01113-SGC |
| v. | |
| OFFICER SIRDARRIUS BARNES and CITY OF IRONDALE, | |
| Defendants | |

## Answer of Defendant Officer SirDarrius Barnes

    This is the Answer of Defendant Officer SirDarrius Barnes. Defendant Officer Barnes denies any liability to the Plaintiff, CorDarius Morris. By asserting defenses in this Answer, this Defendant does not assume any burden of proof that would otherwise be imposed on the Plaintiff.

### First Defense

    Except to the extent expressly admitted in this Answer, Defendant Officer Barnes denies the material allegations of the Plaintiff's Complaint and demands strict proof of those allegations. The headings and numbered paragraphs below correspond to the headings and numbered paragraphs of the Complaint. By quoting the headings used in the Complaint, Officer Barnes does not intend to express any agreement with the content of the heading or what follows the heading. Officer Barnes responds to the corresponding sections of the Complaint as follows:

## I. Jurisdiction

1. Officer Barnes admits that this Court has subject-matter jurisdiction, though he denies that it is because of the grounds stated in paragraph 1 of the Complaint. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(3), and 1343(a)(4).

## II. Parties

2. Officer Barnes admits the allegations of paragraph 2 of the Complaint.

3. Officer Barnes admits that he is a legal person within Alabama. Officer Barnes denies the remaining allegations of paragraph 3 of the Complaint.

4. Officer Barnes admits he was employed as a police officer by the City of Irondale, Alabama. Officer Barnes denies the remaining allegations of paragraph 4 of the Complaint.

## III. Facts of the Case

5. Officer Barnes is without sufficient information to admit or deny the allegations of paragraph 5 of the Complaint; therefore, Officer Barnes denies the allegations of paragraph 5 of the Complaint.

6. Officer Barnes is without sufficient information to admit or deny the allegations of paragraph 6 of the Complaint; therefore, Officer Barnes denies the allegations of paragraph 6 of the Complaint.

7. Officer Barnes denies the allegations of paragraph 7 of the Complaint.

8. Officer Barnes denies the allegations of paragraph 8 of the Complaint.

9. Officer Barnes denies the allegations of paragraph 9 of the Complaint.

10. Officer Barnes denies the allegations of paragraph 10 of the Complaint.

11. Officer Barnes denies the allegations of paragraph 11 of the Complaint.

12. Officer Barnes denies the allegations of paragraph 12 of the Complaint.

13. Officer Barnes denies the allegations of paragraph 13 of the Complaint.

14. Officer Barnes denies the allegations of paragraph 14 of the Complaint.

15. Officer Barnes denies the allegations of paragraph 15 of the Complaint.

16. Officer Barnes denies the allegations of paragraph 16 of the Complaint.

17. Officer Barnes denies the allegations of paragraph 17 of the Complaint.

18. Officer Barnes denies the allegations of paragraph 18 of the Complaint.

19. Officer Barnes denies the allegations of paragraph 19 of the Complaint.

20. Officer Barnes denies the allegations of paragraph 20 of the Complaint.

21. Officer Barnes denies the allegations of paragraph 21 of the Complaint.

22. Officer Barnes denies the allegations of paragraph 22 of the Complaint.

23. Officer Barnes denies the allegations of paragraph 23 of the Complaint.

24. Officer Barnes denies the allegations of paragraph 24 of the Complaint.

25. Officer Barnes denies the allegations of paragraph 25 of the Complaint.

26. Officer Barnes denies the allegations of paragraph 26 of the Complaint.

27. Officer Barnes denies the allegations of paragraph 27 of the Complaint.

28. Officer Barnes denies the allegations of paragraph 28 of the Complaint.

29. Officer Barnes denies the allegations of paragraph 29 of the Complaint.

30. Officer Barnes denies the allegations of paragraph 30 of the Complaint.

31. Officer Barnes denies the allegations of paragraph 31 of the Complaint.

32. Officer Barnes denies the allegations of paragraph 32 of the Complaint.

33. Officer Barnes denies the allegations of paragraph 33 of the Complaint.

34. Officer Barnes denies the allegations of paragraph 34 of the Complaint.

35. Officer Barnes denies the allegations of paragraph 35 of the Complaint.

36. Officer Barnes denies the allegations of paragraph 36 of the Complaint.

37. Officer Barnes denies the allegations of paragraph 37 of the Complaint.

38. Officer Barnes denies the allegations of paragraph 38 of the Complaint.

39. Officer Barnes denies the allegations of paragraph 39 of the Complaint.

40. Officer Barnes denies the allegations of paragraph 40 of the Complaint.

41. Officer Barnes denies the allegations of paragraph 41 of the Complaint.

42. Officer Barnes denies the allegations of paragraph 42 of the Complaint.

43. Officer Barnes denies the allegations of paragraph 43 of the Complaint.

44. Officer Barnes denies the allegations of paragraph 44 of the Complaint.

45. Officer Barnes denies the allegations of paragraph 45 of the Complaint.

46. Officer Barnes denies the allegations of paragraph 46 of the Complaint.

47. Officer Barnes denies the allegations of paragraph 47 of the Complaint.

48. Officer Barnes denies the allegations of paragraph 48 of the Complaint.

49. Officer Barnes denies the allegations of paragraph 49 of the Complaint.

50. Officer Barnes denies the allegations of paragraph 50 of the Complaint.

51. Officer Barnes denies the allegations of paragraph 51 of the Complaint.

52. Officer Barnes denies the allegations of paragraph 52 of the Complaint.

53. Officer Barnes denies the allegations of paragraph 53 of the Complaint.

54. Officer Barnes denies the allegations of paragraph 54 of the Complaint.

55. Officer Barnes denies the allegations of paragraph 55 of the Complaint.

56. Officer Barnes denies that he searched Morris's vehicle or person, so whether or not he had probable cause is moot. Officer Barnes denies the remaining allegations of paragraph 56 of the Complaint.

### IV.  Plaintiff's Claim Against Barnes Individually for False Arrest Under Section 1983 Violation of the Fourth Amendment

57. Officer Barnes adopts and incorporates his responses to all preceding allegations as if set out here.

58. Officer Barnes denies that he arrested Morris, so whether he had probable cause or arguable probable cause is moot. Officer Barnes denies the remaining allegations of paragraph 58 of the Complaint.

59. Officer Barnes is without sufficient information to admit or deny the allegations of paragraph 59 of the Complaint; therefore, Officer Barnes denies the allegations of paragraph 59 of the Complaint.

Officer Barnes denies the allegations of the unnumbered paragraph following paragraph 59 of the Complaint. To the extent the unnumbered paragraph following paragraph 59 of the Complaint seeks any judgment or relief against Officer Barnes, he also denies that Morris is entitled to any judgment or relief, and he requests judgment in his favor and an award of costs.

## V.  Plaintiff's Claim Against City of Irondale for Negligent Hiring, Training, and Supervision

60. Officer Barnes adopts and incorporates his responses to all preceding allegations as if set out here.

61. Officer Barnes denies committing "similar infractions" in the past. Officer Barnes denies the remaining allegations of paragraph 61 of the Complaint.

62. Officer Barnes denies committing "previous infractions." Officer Barnes denies the remaining allegations of paragraph 62 of the Complaint.

63. Officer Barnes denies the allegations of paragraph 63 of the Complaint.

## VI.  Plaintiff's Claim Against Barnes for Unreasonable Search

64. Officer Barnes adopts and incorporates his responses to all preceding allegations as if set out here.

65. Officer Barnes denies the allegations of paragraph 65 of the Complaint.

66. Officer Barnes denies the allegations of paragraph 66 of the Complaint.

67. Officer Barnes denies the allegations of paragraph 67 of the Complaint.

Officer Barnes denies the allegations of the unnumbered paragraph following paragraph 67 of the Complaint. To the extent he unnumbered paragraph following paragraph 67 of the Complaint seeks any judgment or relief against Officer Barnes, he also denies that Morris is entitled to any judgment or relief, and he requests judgment in his favor and an award of costs.

## Second Defense

All of the stated claims against Officer Barnes are barred by the doctrine of qualified immunity. Officer Barnes cannot be liable to the Plaintiff because at all times he acted within the scope of his discretionary authority and did not violate any clearly established statutory or constitutional rights of which a reasonable person would have known, thereby entitling him to a qualified immunity from suit and damages. Officer Barnes cannot be liable to Plaintiff because at all times he acted within the scope of his discretionary authority and with a reasonable, good-faith belief that his actions were lawful and proper, thereby entitling him to a qualified immunity from suit and damages.

## Third Defense

The Plaintiff is not the real party in interest.

## Fourth Defense

The Plaintiff lacks standing to bring this action or lacks capacity to sue.

### Fifth Defense

The Plaintiff's claims are barred by estoppel, including the doctrine of judicial estoppel.

### Sixth Defense

The Plaintiff's injuries or damages (if any) were proximately caused by superseding or intervening acts or omissions by persons other than Officer Barnes for whom Officer Barnes is neither responsible nor liable.

### Seventh Defense

If there was a search or arrest of Plaintiff by Officer Barnes (which Officer Barnes denies), the search or arrest of the Plaintiff by Officer Barnes was justified and was done with probable cause or arguable probable cause.

### Eighth Defense

Some or all of claims are barred because Officer Barnes acted in good faith, with due care, without malice, and in conformity with all applicable rules, regulations, constitutional provisions, decisional authorities, procedures, statutes, and statutory interpretations applicable to them.

### Ninth Defense

The Complaint fails to state a claim upon which relief may be granted.

## Tenth Defense

The Complaint fails to state a claim upon which punitive damages may be awarded to Plaintiff.

## Eleventh Defense

Officer Barnes cannot be liable to Plaintiff for punitive or exemplary damages because he at no time acted maliciously, fraudulently, or with intent to harm Plaintiff or to deprive the Plaintiff of any legally protected rights.

## Twelfth Defense

Any award of punitive damages to Plaintiff in this case will be violative of the constitutional safeguards provided to Officer Barnes under the Constitution of the United States of America.

## Thirteenth Defense

Any award of punitive damages to Plaintiff in this case will be violative of the constitutional safeguards provided to defendants under the Due Process Clause of the Fourteenth Amendment to the United States Constitution in that the determination of punitive damages is vague, is not based upon any objective standards, is standardless, and is not rationally related to legitimate government interests.

**Fourteenth Defense**

Any award of punitive damages to Plaintiff in this case will be violative of the procedural safeguards to defendants under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and consequently, Officer Barnes is entitled to the same procedural safeguards accorded to criminal defendants.

**Fifteenth Defense**

Plaintiff's claim of punitive damages violates the Fourth, Fifth, Eighth, and Fourteenth Amendments of the Constitution of the United States. Without limiting the generality of the foregoing, the constitutional provisions that an award of punitive damages in this case would violate include (but are not limited to) the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States. The grounds on which these provisions would be violated by such an award include, but are not limited to, the following:

   (a) It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendants upon the plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)  The procedures under which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendants, which thereby violate some or all of these provisions;

(c)  The procedures under which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(d)  The procedures under which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution;

(e)  The procedures under which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f)  The procedures under which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Eighth Amendment, the Due Process Clauses of the Fifth and Fourteenth Amendments, and the Equal

Protection Clause of the Fourteenth Amendment of the United States Constitution;

(g) The procedures under which punitive damages are awarded fail to require that an award of punitive damages be proportional, or bear a reasonable relationship, to the actual harm incurred;

(h) The procedures under which punitive damages are awarded fail to provide mitigating factors for consideration in awarding punitive damages;

(i) The procedures under which punitive damages are awarded fail to provide a clear appellate standard of review of an award of punitive damages;

(j) The procedures under which punitive damages are awarded may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined;

(k) The procedures under which punitive damages are awarded fail to provide adequate protection that the defendant will not be punished for injury inflicted on nonparties or strangers to the litigation; and

(l) It is violative of the self–incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose against defendants punitive damages, which are penal in nature, yet compel defendants to disclose potentially incriminating documents and evidence.

### Sixteenth Defense

With respect to the demands in the Complaint for punitive damages, Officer Barnes specifically incorporates by reference any and all standards or limitations regarding the determination or enforceability of punitive damages awards as articulated in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 121 S. Ct. 1678 (2001); *State Farm Mut. Auto. Ins. Co. v. Campbell*, 123 S. Ct. 1513 (2003); and *Philip Morris USA v. Williams*, 127 S. Ct. 1057 (2007).

### Seventeenth Defense

The Plaintiff cannot recover punitive damages against Officer Barnes as a municipal agent or employee sued in his official capacity under 42 U.S.C. § 1983 under *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981).

### Eighteenth Defense

The search or arrest of the Plaintiff by Officer Barnes in this case, if it occurred at all, was reasonable and justified under the circumstances at the time of the arrest and shortly before the arrest.

### Nineteenth Defense

Plaintiff's claims are barred by contributory negligence.

### Twentieth Defense

Officer Barnes raises each and every affirmative defense required to be pleaded by federal law should those defenses become applicable as this action proceeds.

### Twenty-first Defense

Officer Barnes did not act, or fail to act, with reckless or conscious disregard of the rights or safety of others. Officer Barnes did not commit an act or omit an act it had a duty to commit, while knowing of the existing conditions and being conscious that, from doing or omitting to do such act, injury would likely or probably result.

### Twenty-second Defense

Some or all of the Plaintiff's claims are barred by the doctrines of waiver, laches, unclean hands, ratification, acquiescence, modification, or novation.

### Twenty-third Defense

The Plaintiff's claims are barred by the doctrine of issue preclusion (collateral estoppel) or the doctrine of claim preclusion (res judicata), or both.

### Twenty-fourth Defense

Officer Barnes reserves the right to add any additional affirmative defenses as those defenses are ascertained.

Respectfully submitted.

*s/ Michael L. Jackson*
Michael L. Jackson
mjackson@wallacejordan.com

Attorneys for Defendants: The City of Irondale and Officer SirDarrius Barnes

Of Counsel:
Wallace, Jordan, Ratliff & Brandt, L.L.C.
P.O. Box 530910
Birmingham, Alabama 35253
(205) 870-0555