UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CORDARIUS MORRIS,** | } |
| Plaintiff, | } |
| v. | } Case No.: 2:24-cv-01113-RDP |
| **SIDARRIUS BARNES, et al.,** | } |
| Defendants. | } |

**MEMORANDUM OPINION AND ORDER**

Before the court is the Motion to Dismiss (Doc. # 8) filed by Defendant City of Irondale. Pursuant to the court's conversation with counsel at the Scheduling Conference held on November 22, 2024, the Motion (Doc. # 8) is **GRANTED WITHOUT PREJUDICE** to Plaintiff's right to reassert any viable claim against the City.

**I.      Background**

This action arises from an alleged incident involving Plaintiff CorDarrius Morris ("Plaintiff") and Defendant Officer SirDarrius Barnes ("Officer Barnes"). In his Complaint, Plaintiff contends that while working his security job at an apartment complex in Birmingham, Alabama, Officer Barnes approached Plaintiff's vehicle and requested his identification. (Doc. # 1 ¶¶ 5-7). After providing Officer Barnes with his identification, Officer Barnes then entered Plaintiff's vehicle and began to search it without Plaintiff's consent. (*Id.* ¶¶ 15-16). Following the search of the vehicle, Officer Barnes then began to search Plaintiff's person, again without his consent. (*Id.* ¶ 20). Plaintiff contends that Officer Barnes inappropriately touched him for a period of time and made inappropriate comments while touching him. (*Id.* ¶¶ 21-49). In particular, Plaintiff contends that "Barnes used his power as a police officer to detain [him] for over 20

minutes while also invading his privacy by holding his genitals for almost the duration of the detention." (*Id.* ¶ 55). At the scheduling conference, Defendants' counsel stated that this is a case of misidentification – Barnes was not the person who entered Plaintiff's car and engaged in the conduct at issue on the date in question.

## II.     Legal Standard

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Id*. at 555, 557. In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id*. A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

In considering a motion to dismiss, a court should "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011) (quoting *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010)). That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Twombly*, 550 U.S. at 570.

### III.   Analysis

Plaintiff brings two claims against Officer Barnes pursuant to Section 1983: (1) false arrest (*id.* ¶¶ 57-59) and (2) unreasonable search. (*Id.* ¶¶ 64-67). He brings one claim against the City of Irondale for negligent hiring, training, and supervision. (*Id.* ¶¶ 60-63). Specifically, Plaintiff alleges that the City of Irondale "had notice or knowledge of Barnes's committing similar infractions in the past" and that even if the City of Irondale "did not have actual knowledge or notice, it would have learned of Barnes's previous infractions through due and proper diligence." (*Id.* ¶¶ 61-62). Further, Plaintiff contends that "the hiring official for Defendant was unskilled and careless in the hiring, training, and supervision of Defendant Barnes." (*Id.* ¶ 63). In this order, the court only considers the claim against the City of Irondale.

As the City of Irondale states in its Motion to Dismiss (Doc. # 8), a state-law claim for negligent hiring, training, and supervision cannot be asserted against a municipality. *See Stewart v. City of Homewood, Ala.*, 2019 WL 5696183, at *7 (N.D. Ala. Nov. 4, 2019) ("[N]o Alabama

court has recognized as legally cognizable a claim against a municipality for a supervisor's negligent training or supervision."); *see also Borton v. City of Dothan*, 734 F. Supp. 2d 1237, 1258 (M.D. Ala. 2010); *Cornelius v. City of Andalusia*, 2007 WL 4224036, at *5 (M.D. Ala. Nov. 28, 2007); *Ott v. City of Mobile*, 169 F. Supp. 2d 1301, 1314-15 (S.D. Ala. 2001); *Styron v. City of Foley*, 2005 WL 3088926, at *4-5 (S.D. Ala. Nov. 18, 2005). Thus, based on Alabama law, Plaintiff's claim against the City of Irondale is due to be dismissed.

However, the court's dismissal as to the City is without prejudice. Nothing in this order will preclude Plaintiff from asserting any viable cause of action against the City of Irondale. Plaintiff has leave to amend his complaint until March 14, 2025. Plaintiff may determine before then that he can assert other causes of action against the City of Irondale and thereby file an amended complaint. However, before filing any amended complaint asserting a new claim against the City, Plaintiff must serve the amended complaint on the City of Irondale and meet and confer with Defendants' counsel. In any event, absent good cause, any such amendment must be filed **on or before March 14, 2025**.

### IV.   Conclusion

For the reasons discussed above, the City of Irondale's Motion to Dismiss (Doc. # 8) is **GRANTED**. Plaintiff's claim against the City of Irondale in his Complaint (Doc. # 1) is **DISMISSED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** this November 25, 2024.

                                                            **R. DAVID PROCTOR**
                                                            CHIEF U.S. DISTRICT JUDGE